**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**OASIS TOLEDO VILLAS LLC**                              CASE NO. 3:26 CV 535

      Plaintiff,

      v.                                                      JUDGE JAMES R. KNEPP II

**MARTISE HOLLOWAY,**
                                                                **ORDER OF REMAND**
      Defendant.

### INTRODUCTION

*Pro se* Defendant Martise Holloway removed this action from Toledo Municipal Court to federal court on March 4, 2026. *See* Doc. 1. Defendant contemporaneously moved for a Temporary Restraining Order ("TRO") preventing his eviction. *See* Doc. 4. For the following reasons, the Court remands this case *sua sponte* and denies Defendant's Motion for a TRO for want of jurisdiction.

### BACKGROUND

On December 12, 2025, Plaintiff Oasis Toledo Villas LLC filed a complaint in Toledo Municipal Court seeking an eviction order pertaining to a rental residence occupied by Defendant. (Doc. 1-2, at 1).[1] The court set an eviction hearing for January 14, 2026, which Defendant attended. *Id.* The Magistrate presiding over the hearing recommended granting judgment in favor of Plaintiff and issuing a writ of restitution, which the court then adopted as its final disposition. *Id.* Defendant

---

1. The only documents attached to Plaintiff's Notice of Removal are a copy of the Toledo Municipal Court docket for these proceedings and a copy of the summons associated with the January 14 eviction hearing. *See* Docs. 1-2, 1-3.

thereafter filed multiple motions to stay execution of the writ and for relief from the judgment, all of which were denied. *Id.* at 1–2.

After being denied relief, Defendant, continuing *pro se*, removed the case to this Court, attempting to invoke its federal question subject matter jurisdiction. (Doc. 1-1, at 1). Defendant's Notice of Removal does not specify the substantive basis for removal beyond alleging he was subject to a refusal of due process. *Id.* Defendant's Motion for a TRO similarly does not specify the substantive basis for this Court's jurisdiction, stating only "Defendant has raised substantial procedural and constitutional concerns in the state proceedings, including the denial of multiple motions seeking relief from judgment. The state court's refusal to provide meaningful relief supports federal Intervention." (Doc. 4, at 1).

### DISCUSSION

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The party seeking removal has the burden of demonstrating the district court has original subject matter jurisdiction over the complaint. *Brittingham v. Gen. Motors Corp.*, 526 F.3d 272, 277 (6th Cir. 2008).

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A federal court may remand a case *sua sponte* where the allegations of the complaint are insufficient to confer subject matter jurisdiction on the district court. *Lexington–Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816-17 (6th Cir. 2004) (citing *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629-30 (6th Cir. 1992)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434

(2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction.").

Here, Defendant fails to meet his burden, and the Court must remand this case. While Defendant claims this case presents a federal question due to an alleged absence of due process in the state court proceedings, under the "well-pleaded complaint rule" the operative question is whether the plaintiff's complaint facially presents a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendant did not provide a copy of the state court complaint to this Court, and nothing included in the state court docket suggests Plaintiff asserted a federal claim against Defendant. Rather, the underlying complaint in this case appears to assert nothing more than a garden-variety breach of lease claim governed entirely by state law. *See* Doc. 1-2, at 1. Thus, even construing the Notice of Removal in favor of Defendant, it presents only a federal defense or federal counterclaim, neither of which support this court's original jurisdiction. *See Hudak v. Elmcroft*, 566 F. Supp. 3d 771, 787 (N.D. Ohio 2021) (explaining the existence of a federal defense does not support federal question jurisdiction absent certain exceptions, none of which apply to this case); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for [federal question] jurisdiction.").

Thus, the Court lacks jurisdiction over this case pursuant to 28 U.S.C. § 1441 and remand is required. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this matter be, and the same hereby is, REMANDED to the Toledo Municipal Court; and it is

FURTHER ORDERED that Defendant's Motion for a Temporary Restraining Order (Doc. 4), be and the same hereby is, DENIED for want of jurisdiction.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2026